IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TEDRIC L. FREMONT,  Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 1:20-00223-JB-N ) |
| DR. FREDRICK, *et al.*,  Defendants. | ) ) ) |

## **REPORT AND RECOMMENDATION**

This civil action is before the Court *sua sponte* on review of the complaint (Doc. 1) filed by Tedric L. Fremont, who is proceeding without counsel (*pro se*) and *in forma pauperis*. The assigned District Judge has referred the complaint to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (4/16/2021 electronic reference). Upon due consideration, the undersigned finds that this action is due to be **DISMISSED without prejudice**.

### I. *Legal Standards*

Because Fremont was granted leave to proceed in this action without prepayment of fees under 28 U.S.C. § 1915 (*see* Doc. 7), his complaint is subject to review under 28 U.S.C. § 1915(e)(2), which provides, in relevant part, as follows: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that … the action … (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted;

or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Additionally, "[i]t is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* at 410. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id. See also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, (2006) ("[C]ourts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

Courts "hold the allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers[,]" and "[a]ccordingly … construe [*pro se*] pleadings liberally. Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (citations and quotation omitted).

## II. *Summary of the Complaint*

Fremont initiated this action by filing a complaint with the Court on April 15, 2020 (Doc. 1, PageID.1-3). Though not entirely clear, the complaint appears to name as defendants the State of Alabama and/or the Alabama Department of Corrections, Corizon/Wexford Health Care, and Dr. Fredrick, a Corizon/Wexford medical staffer. Fremont claims that he was "housed in a place where being medicated like [he] was, was and is strictly prohibited[;]" that he was "called to and took to doctor fredricks against [his] will[, was m]edicated after being asked to do a sleep observation[, and was m]edicated without ever seeing the doctor in person…" He further claims that this situation "followed [him] home with medical record (Forged) and gave [him] financial problems with job loss time loss from family and social." Based on these allegations, Fremont alleges claims for "violation of medical disclosure," "violation of my civil rights to turn down medical treatment," "over medicating," "hiding evidence," "cohersion," "commandeering," and "cruel unusual punishment." As relief, Fremont demands "removal" of Dr. Fredricks and $1,000,000 in damages.

### III.   *Analysis*

#### A.   **Subject-Matter Jurisdiction**

When a plaintiff files suit in federal court, [the plaintiff] must allege facts that, if true, show federal subject matter jurisdiction over [the] case exists. *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994) … Without such allegations, district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency. *Stanley v. C.I.A.*, 639 F.2d 1146, 1159 (5th Cir. Unit B Mar. 1981); *see also DiMaio v. Democratic Nat'l Comm.*, 520 F.3d 1299, 1303 (11th Cir. 2008) ("Where dismissal can be based on lack of subject matter jurisdiction and failure to state a claim, the court should dismiss on only the jurisdictional grounds." (internal quotation marks omitted)). **That is, if a complaint's factual allegations do not assure the**

**court it has subject matter jurisdiction, then the court is without power to do anything in the case.** *See Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1331, n.6 (11th Cir. 2001) (" '[A district] court must dismiss a case without ever reaching the merits if it concludes that it has no jurisdiction.' " (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993))); *see also Belleri v. United States*, 712 F.3d 543, 547 (11th Cir. 2013) ("We may not consider the merits of [a] complaint unless and until we are assured of our subject matter jurisdiction.").

*Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (emphasis added) (footnote omitted). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997).[1]

Fremont's complaint does not contain, as it must, "a short and plain statement of the grounds for the court's jurisdiction…" Fed. R. Civ. P. 8(a)(1). Under § 1332(a), a district court has subject matter jurisdiction "where the matter in controversy

---

[1]

> Pleadings filed by *pro se* litigants are given liberal construction, but "we nevertheless have required them to conform to procedural rules." *Moton v. Cowart,* 631 F.3d 1337, 1341 n.2 (11th Cir. 2011) (quotation omitted). Plaintiffs must "affirmatively allege facts demonstrating the existence of jurisdiction." *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994); *see also Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1273 (11th Cir. 2000) ("It is the plaintiff's burden ... to allege with sufficient particularity the facts creating jurisdiction ...." (quotation omitted)).

*Cornelius v. U.S. Bank Nat. Ass'n*, 452 F. App'x 863, 865 (11th Cir. 2011) (per curiam) (unpublished) (affirming dismissal of *pro se* complaint for failure to allege a sufficient basis for subject matter jurisdiction).

exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). However, a complaint's "allegations, when federal jurisdiction is invoked based upon diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant." *Travaglio*, 735 F.3d at 1268. "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Here, while Fremont's complaint seeks more than $75,000 in damages exclusive of interests and costs, it does not allege the citizenships of any of the parties.

The complaint also does not allege jurisdiction based on a specific statutory grant, nor is none readily apparent on its face. While some of Fremont's allegations hint at the existence of federal question jurisdiction pursuant to 28 U.S.C. § 1331, the only specific statute he cites a violation of is an Alabama statute, and, as will be more fully addressed in the next section of this order, Fremont's complaint fails to clearly state what claims or causes of action he is asserting.[2] The law of this Circuit is clear that Fremont bears the burden of clearly demonstrating subject matter jurisdiction

---

[2] For instance, Fremont's claim of "cruel unusual punishment" could be referring to the Eighth Amendment to the United States Constitution. However, "even if a claim appears to invoke the federal question jurisdiction of the district court, the claim may be dismissed for lack of subject matter jurisdiction if '(1) the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction; or (2) such a claim is wholly insubstantial and frivolous.'" *McQueary v. Child Support Enf't*, 812 F. App'x 911, 913 (11th Cir. 2020) (per curiam) (unpublished) (quoting *Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998) (quotations and emphasis omitted)). Given the other defects in Fremont's pleading discussed in this order, this passing reference, at present, appears immaterial and made solely for the purpose of obtaining jurisdiction.

over his claims, and that the Court should not have to guess at the jurisdictional basis for his complaint.

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts[,]" 28 U.S.C. § 1653, and "leave to amend should be freely granted when necessary to cure a failure to allege jurisdiction properly." *Majd-Pour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 n.1 (11th Cir. 1984). Accordingly, by order dated and entered April 2, 2021 (Doc. 8), the undersigned explained the foregoing to Fremont and directed him to file, no later than April 26, 2021, an amended complaint that contains "a short and plain statement of the grounds for the court's jurisdiction," Fed. R. Civ. P. 8(a)(1), and sufficient allegations demonstrating those grounds. To date, Fremont has not done so, nor has he otherwise responded to the Court's order or filed anything else in this case. Accordingly, Fremont's complaint is due to be **DISMISSED without prejudice** for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### B. Other Pleading Deficiencies

The Court must also dismiss Fremont's complaint if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.' … [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers

labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (citations and some quotations omitted). *See also Duty Free Americas*, 797 F.3d at 1262 (Courts " 'afford no presumption of truth to legal conclusions and recitations of the basic elements of a cause of action.' " (quoting *Franklin v. Curry*, 738 F.3d 1246, 1248 n. 1 (11th Cir. 2013) (per curiam))).

> "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). In other words, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

*Hi-Tech Pharm., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1196 (11th Cir. 2018).

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citation and quotation marks omitted). Put another way, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show [n]'—'that the pleader is entitled to relief.' " *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Moreover, " 'the tenet that a court must accept as true all of the allegations contained in a

complaint is inapplicable to legal conclusions.' " *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S at 678).

In addition to Rule 8(a)(2),

Rule 10(b) further provides:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.
>
> …
>
> Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as "shotgun pleadings."

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). Types of "shotgun pleadings" recognized in this Circuit include those that do "not separate[] into a different count each cause of action or claim for relief" and those that "assert[] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1322-23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. "A dismissal under Rules 8(a)(2) and 10(b) is appropriate where it is *virtually impossible* to know which

allegations of fact are intended to support which claim(s) for relief." *Id.* at 1325 (quotation omitted).[3]

Fremont's complaint is light on well-pleaded factual allegations plausibly suggesting that any of the defendants is liable for the claims asserted, and at most those allegations only indicate Dr. Fredrick's involvement in the underlying events, without explaining why any of the other defendants should be liable. Thus, in addition to failing to satisfy Rule 8(a)(2)'s plausibility requirement for pleading, Fremont's complaint is an impermissible shotgun pleading because it asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Fremont's complaint also lacks clarity because it fails to separate his claims into different counts and specify the factual allegations giving rise to each.

The Court's April 2, 2021 order also explained the foregoing to Fremont and ordered him to also amend his complaint by April 26, 2021, to satisfy Rules 8(a)(2)

---

[3] Courts are permitted, and indeed encouraged, to address such issues *sua sponte*. *See Weiland*, 792 F.3d at 1321 n.10 ("[W]hen a defendant fails to do so, the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead. *See Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006) ('Given the district court's proper conclusions that the complaint was a shotgun pleading and that plaintiffs' [sic] failed to connect their causes of action to the facts alleged, the proper remedy was to order repleading *sua sponte*.'); *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997) ('[W]e note that the district court, acting on its own initiative, should have stricken [the shotgun pleading] and instructed counsel to replead their cases....'). Where a plaintiff fails to make meaningful modifications to her complaint, a district court may dismiss the case under the authority of either Rule 41(b) or the court's inherent power to manage its docket.").

and Rule 10(b), such that "his amended complaint must contain a short and plain statement of his claim(s) showing that he is entitled to relief, and must state the claim(s) in numbered paragraphs, each limited as far as practicable to a single set of circumstances." (Doc. 8, PageID.49). The undersigned further directed that, "because … it would promote clarity, each claim founded on a separate transaction or occurrence must be stated in a separate count." (*Id.*, PageID.49-50).

As was previously noted, Fremont has filed to timely respond to the Court's April 2, 2021 order. Accordingly, Fremont's complaint is also due to be **DISMISSED without prejudice** under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted, and under Federal Rule of Civil Procedure 41(b) and/or the court's inherent power to manage its docket because it is an impermissible shotgun pleading that Fremont has declined the opportunity to modify.

### IV.  *Conclusion & Recommendation*

In accordance with the foregoing analysis, and pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b)(1), and S.D. Ala. GenLR 72(a)(2)(S), the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice**, and that final judgment be entered accordingly under Federal Rule of Civil Procedure 58.

**DONE** this the 4th day of May 2021.

>  */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.